**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NOVASHAWN BANNISTER,

                                        Plaintiff,                  1:24-cv-183
                                                                       (ECC/PJE)

v.

CHRISTOPHER PERILLI, SHERRIFF DEPUTY
JACOB KEARNS,

                                        Defendants.

---

**Appearances:**

Novashawn Bannister, *Plaintiff, pro se*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Pro se Plaintiff Novashawn Bannister filed this civil rights action alleging violations of his constitutional rights stemming from a traffic stop, and sought leave to proceed *in forma pauperis* (IFP). Dkt. Nos. 1, 2. This matter was referred to U.S. Magistrate Judge Christian F. Hummel who, on October 4, 2024, granted Plaintiff's application to proceed IFP and issued a Report-Recommendation, recommending that Plaintiff's Complaint be dismissed with prejudice as to certain claims, and without prejudice as to others. Dkt. No. 10. Before the Court had the opportunity to address the Report-Recommendation, Plaintiff filed an Amended Complaint on October 16, 2024. Dkt. No. 12. In light of Plaintiff's filing, U.S. District Judge Anne M. Nardacci

terminated the Report-Recommendation as moot, and referred the Amended Complaint to Magistrate Judge Hummel for initial review. Dkt. No. 13.[1]

On May 1, 2025, Magistrate Judge Evangelista issued a Report-Recommendation as to Plaintiff's Amended Complaint, ultimately recommending that the Amended Complaint be dismissed in its entirety. Dkt. No. 18. Plaintiff filed objections to the Report-Recommendation on May 15, 2025. Dkt. No. 19. For the reasons set forth below, the Court adopts the Report-Recommendation to the extent modified below, and dismisses Plaintiff's Amended Complaint with leave to amend as to certain claims.

## II.   STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings in the" report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Machicote v. Ercole*, No. 6-cv-13320, 2011 WL 3809920 at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Kruger*, 976 F. Supp. 2d at 296 (citation

---

[1] This matter has since been reassigned to U.S. Magistrate Judge Paul J. Evangelista and the undersigned.

2

omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Magistrate Judge Evangelista liberally construed Plaintiff's Amended Complaint to allege the following claims related to a traffic stop that occurred on December 14, 2023: (1) the traffic stop and Plaintiff's detention were unreasonable in violation of the Fourth Amendment as they were not based on reasonable suspicion; (2) the warrantless search of Plaintiff's person, strip search, and/or visual/manual body cavity searches were unreasonable in violation of the Fourth Amendment; (3) Defendants intended to humiliate Plaintiff by taunting him and stripping him in view of the public, amounting to excessive force in violation of the Fourth Amendment; and (4) the traffic stop was a violation of Plaintiff's Fourteenth Amendment rights to equal protection of the laws because he was racially profiled. Dkt. No. 18 at 8. Magistrate Judge Evangalista further construed the allegations to arguably raise a state law claim for intentional infliction of emotional distress. *Id.* at 14-15.

Magistrate Judge Evangelista recommended dismissing Plaintiff's claims against the Defendants in their official capacities for money damages without prejudice and without opportunity to amend for lack of subject matter jurisdiction. Dkt. No. 18 at 16. He further dismissed Plaintiff's federal claims in their entirety without prejudice and without leave to amend because Plaintiff has not demonstrated favorable termination pursuant to *Heck v. Humphrey*. *Id.* Last, Magistrate Judge Evangelista declined to exercise supplemental jurisdiction over any state law claim asserted by Plaintiff. *Id.*

3

Liberally construed, Plaintiff raises two objections to the Report-Recommendation which the Court reviews de novo.  First, Plaintiff contends that the "random," general tip about "a weapon" relied on by Perilli did not constitute proper justification for the officers' invasive search of his person, rendering the search unlawful.  Dkt. No. 19 at 1.[2]  Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), when a verdict in favor of a plaintiff in a § 1983 case would necessarily imply the invalidity of a criminal conviction, the claim is barred unless the plaintiff can demonstrate that the conviction has been invalidated.  *Jackson v. Suffolk Cty. Homicide Bureau*, 135 F.3d 254, 256 (2d Cir. 1998).  As relevant here, "courts in this Circuit have consistently held that a § 1983 claim is *Heck*-barred if it challenges the sole search that provided the entirety of the evidence supporting a criminal charge."  *Hartwick v. Annucci*, No. 5:20-cv-408, 2020 WL 6781562, at *6 (N.D.N.Y. Nov. 18, 2020) (citing *Waller v. Smith*, 403 F. Supp. 3d 164, 170 (W.D.N.Y. 2019) (collecting cases for proposition that "[§] 1983 actions targeting a single episode involving a single search, if successful, would necessarily demonstrate the invalidity of a conviction based on that search")).  Here, Plaintiff's allegations suggest that he was convicted of a "gun charge" stemming directly from the recovery of a weapon that was found on his person during the challenged search.[3]  Under these circumstances, success on Plaintiff's § 1983 claim that the search was unlawful would necessarily imply the invalidity of his conviction.  *See, e.g., Black v. Blackmun*, No. 11-cv-2372, 2011 WL 6019394, at *2 (E.D.N.Y. Dec. 1, 2011) ("Because [plaintiff's] conviction [for weapons possession] hinged directly on the weapons procured during [an] allegedly unlawful search, an award of damages would necessarily imply the invalidity of his

---

[2] Citations to Plaintiff's Amended Complaint and objections will refer to the pagination generated by CM/ECF, the Court's electronic filing system.  Unless otherwise noted, excerpts from these documents are reproduced exactly as they appear in the original.

[3] Plaintiff has not objected to Judge Evangelista's similar interpretation of Plaintiff's allegations, in particular Plaintiff's statement that he "blew trial to the gun charge."  Dkt. No. 12 at 5.

4

state court conviction."). Accordingly, Plaintiff's challenge concerning the lack of reasonable suspicion justifying the search of his person is barred by *Heck*.

For his second objection, Plaintiff contends that in the course of the subject search he was "sexually groped [and] sexually harassed for no legitimate reason." Dkt. No. 19 at 3. Plaintiff argues that the officers' conduct, which included pulling his pants and underwear down, removing his underwear completely, exposing his "private" to the public, forcing their fingers into Plaintiff's anal cavity, touching and moving Plaintiff's penis and testicles, and swiping from Plaintiff's testicles "up through" his buttocks, violated his Fourth Amendment rights. *Id.* at 1-3.

"The Fourth Amendment, which protects against unreasonable seizures, governs a claim that excessive force was used in connection with an arrest." *Mickle v. Morin*, 297 F.3d 114, 120 (2d Cir. 2002). "[T]he reasonableness question is whether the officers' actions were 'objectively reasonable' in light of the facts and circumstances . . . without regard to their underlying intent or motivation." *Id*. "In the context of a strip/cavity search, a plaintiff may make out a claim of excessive force under the Fourth Amendment if a police officer engages in 'sexual misconduct.'" *Tisdale v. Hartley*, 442 F. Supp. 3d 569, 575 (W.D.N.Y. 2020) (quoting *Santiago v. City of Yonkers*, No. 13-cv-1077, 2015 WL 6914799, at *6 (S.D.N.Y. Oct. 30, 2015)); *see also Granger v. Santiago*, No. 3:19-cv-60, 2019 WL 1644237, at *7 (D. Conn. Apr. 16, 2019) (permitting excessive force claim to proceed where the defendant "conducted the manual body cavity search for the purpose of humiliating [the defendant] rather than for a legitimate penological purpose").

The analysis of whether a § 1983 claim such as excessive force "would necessarily imply the invalidity of any conviction . . . is inherently a factual one." *Covington v. City of New York*, 171 F.3d 117, 122 (2d Cir. 1999); *see also Hamlin v. McMahon*, No. 3:17-cv-1520, 2019 WL 6619342, at *6 (D. Conn. Dec. 5, 2019) ("The application of the principles articulated in *Heck*

5

requires the court to 'examine the relationship between the criminal conviction and each of the plaintiff's civil claims.'") (quoting *Jackson v. Suffolk Cty. Homicide Bureau,* 135 F.3d 254, 256 (2d Cir. 1998)).  Ordinarily, claims of excessive force are not barred under *Heck*, since "a finding that the police used excessive force is collateral to the grounds for conviction and does not usually cast doubt upon the basis and admissibility of evidence used to establish a criminal conviction." *McKay v. East Hartford Police Dep't*, No. 16-cv-1954, 2017 WL 4247383, at *3 (D. Conn. Sept. 25, 2017).  *Heck* would not bar an excessive force claim "unless the facts actually determined in his criminal convictions that were necessary to the judgment of conviction are incompatible with the claim of excessive force being raised in the subsequent civil suit." *Hamlin v. McMahon*, No. 17-cv-1520, 2019 WL 6619342, at *7 (D. Conn. Dec. 5, 2019) (internal quotation marks omitted).

Plaintiff's allegations suggest, but do not confirm, that the Defendants ultimately found the weapon forming the basis for his conviction in the areas of his body he complains were inappropriately "groped" and "fondled":

> it was unsafe of [Defendants] to keep allegedly moving a gun around in my underwear that they couldn't's see [and] had to open my buttcrack to remove it through my underwear. It couldve shot me, them, or innocent bystanders . . . . They could have brought me to a precint to strip me of my clothes and safely remove it without exposing my body parts in public . . . . It wasn't safe at all to tug [and] move around a weapon for multiple minutes by multiple hands [and] try to retrieve it.  As well as my clothes couldve been cut open without any pants [and] underwear pulled down [and] exposed at 5 pm in a residential neighborhood public street with multiple witnesses.

Dkt. No. 12 at 4-5.  Nevertheless, even assuming the gun was found during the course of the sexually assaultive search which Plaintiff alleges took place, the Court declines to find that *Heck* bars Plaintiff's excessive force claim at this stage of the litigation.  "Case law supports the conclusion that an excessive force claim may not [be] barred under *Heck* even when force is used, and that force directly relates to the underlying conviction." *Hamlin v. McMahon*, No. 3:17-cv-

6

1520, 2019 WL 6619342, at *8 (D. Conn. Dec. 5, 2019).  In the context of convictions for assault on a police officer, for example, courts have recognized that the conviction could be reconciled where the amount of force used by officers in affecting the arrest was unreasonable.  *See, e.g., Shapard v. Attea*, 710 F. App'x 15, 17-18 (2d Cir. Oct. 12, 2017) (reversing district court's sua sponte dismissal of excessive force claim under *Heck* on grounds the plaintiff's claim of excessive force against officers he was convicted of assaulting can be reconciled as the use of force by the officers may still be excessive); *Hamlin*, 2019 WL 6619342, at *8 (declining to extend *Heck* preclusion to excessive-force claim that defendant officers acted unlawfully by assaulting him in the midst of an arrest that eventually led to a successful conviction).  Here, without further factual development and construing the allegations in the light most favorable to Plaintiff, it is conceivable that the recovery of the gun on Plaintiff's body was not contingent upon the alleged sexual misconduct that took place in the course of the search, in which case *Heck* would not apply to bar Plaintiff's claim.

Even though the Court declines to apply *Heck*'s bar to Plaintiff's potential excessive force claim at this juncture, the Amended Complaint cannot proceed in its current form.  As Magistrate Judge Evangelista pointed out in his Report-Recommendation, the Amended Complaint does not provide the date of the underlying incident, the location of the alleged traffic stop, or provide all of the facts included in the original complaint.  Although Plaintiff states the names of certain officers in his recitation of the facts, he has not identified any of these officers, or anyone for that matter, as a defendant in this matter.  Furthermore, the Amended Complaint does not include a caption, nor does it state the relief sought by Plaintiff.  For all of these reasons, the Amended Complaint does not comply with the pleading standards set forth in Fed. R. Civ. P. 8, and dismissal is appropriate on this basis.

The Court reviews the remainder of the Report-Recommendation for clear error. Magistrate Judge Evangelista noted that the Amended Complaint does not specify the capacities in which he seeks to sue any defendants in this matter. Dkt. No. 18 at 7. In an exercise of caution, Magistrate Judge Evangelista recommended that, to the extent Plaintiff seeks to assert any official-capacity claims for money damages, those claims be dismissed without prejudice based on Eleventh Amendment immunity. *Id.* As previously discussed, the Amended Complaint fails to specifically identify any individual as a defendant in this matter. In his original form § 1983 Complaint, Plaintiff identified Christopher Perilli and Jacob Kearns as defendants. Jacob Kearns is identified as a "sheriff deputy" "police officer," and Christopher Perilli as a "narcotics enforcement officer." Dkt. No. 1 at 2. To the extent Plaintiff asserts a claim against any municipal law enforcement officers, such as county sheriff deputies, in their official capacities, these claims would not be subject to dismissal based on Eleventh Amendment immunity. Generally, the "[b]ar of Eleventh Amendment to suit in federal courts extends to states and state officials . . . but does not extend to counties and similar municipal corporations." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (citing *Lincoln Cnty. v. Luning*, 133 U.S. 529, 530 (1890)) (internal citations omitted); *see also Holley v. Lavine*, 605 F.2d 638, 644-45 (2d Cir. 1979) (concluding that a county employee defendant was not immune from suit under the Eleventh Amendment). Instead, official capacity claim against individual town and county employees are deemed to be brought against the municipalities themselves, and subject to the pleading requirements set forth in *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). Here, in addition to the aforementioned pleading deficits, Plaintiff has failed to even plausibly state a claim for *Monell* liability, and thus any purported claims to this extent are dismissed.

The Court otherwise reviews the remainder of the Report-Recommendation for clear error and, having found none, adopts the remainder of the Report-Recommendation in its entirety.

## IV.    LEAVE TO AMEND

The Court agrees with Magistrate Judge Evangelista's recommendation that Plaintiff's Amended Complaint be dismissed. However, Magistrate Judge Evangelista recommended dismissal without leave to amend, in light of his conclusion that all of Plaintiff's federal claims are barred by *Heck*, and that the Court lacked subject matter jurisdiction over any official-capacity claims against the defendants. This Court only declines to adopt that portion of the Report-Recommendation barring Plaintiff's excessive force claim pursuant to *Heck*, and that portion of the Report-Recommendation dismissing any official capacity claims based on Eleventh Amendment immunity. These claims, however, are subject to dismissal for failure to comply with Fed. R. Civ. P. 8.

If a court dismisses a complaint for failure to comply with Rule 8(a), "it should generally give the plaintiff leave to amend." *Duncan v. Thompson*, No. 03-cv-403, 2004 WL 1810332, at *2 (E.D.N.Y. Aug. 12, 2004) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Moreover, "'[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Edwards v. Penix*, 388 F. Supp. 3d 135, 144 (N.D.N.Y. 2019) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)). Here, because dismissal is based on Plaintiff's failure to comply with Rule 8, and because Plaintiff did not have the benefit of a decision on the pending Report-Recommendation before he filed his Amended Complaint, it is appropriate to grant Plaintiff an opportunity to file a Second Amended Complaint limited to the excessive force claim and any official-capacity claims he seeks to assert.

To this end, Plaintiff is granted forty-five (45) days from the date of this Decision and Order to file a Second Amended Complaint.  As Plaintiff has previously been advised, <u>an amended complaint **replaces and supersedes in all respects** the prior pleading.  Any second amended complaint must be a complete pleading and include all facts and claims that Plaintiff proceeds on, and must attempt to cure the deficiencies in the complaint identified by this Court. Therefore, if Plaintiff files a second amended complaint, he **must properly allege in the second amended complaint all factual bases for all claims asserted therein and identify the defendants and their conduct giving rise to the alleged claims, must identify the dates and locations of the underlying acts that he contend provide the bases of their claims, and the second amended complaint must be in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure.**</u>  The Clerk of the Court is directed to forward Plaintiff a blank form Pro Se Prisoner Complaint with a copy of this Decision and Order for use in preparing a second amended complaint.  Plaintiff is cautioned that his failure to follow these directives or otherwise meet the pleading requirements of the local and federal rules in conjunction with filing a second amended complaint may result in a dismissal with prejudice.

V.   **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation, Dkt. No. 18, is **ADOPTED as modified;** and it is further

**ORDERED** that Plaintiff's Amended Complaint, Dkt. No. 12, is **DISMISSED with leave to amend** as to (1) Plaintiff's Fourth Amendment excessive-force claims, and (2) any official-capacity claims premised on *Monell* liability; and it is further

**ORDERED** that Plaintiff's Amended Complaint, Dkt. No. 12, **DISMISSED without leave to amend** as to Plaintiff's remaining federal claims, pursuant to *Heck v. Humphrey*; and it is further

**ORDERED** that Plaintiff is provided forty-five (45) days from the date of this Decision and Order to file a second amended complaint to the extent authorized above. If Plaintiff files a second amended complaint within the time frame set forth herein, the Clerk of the Court is respectfully directed to return the case to the Magistrate Judge for review of the second amended complaint. Should Plaintiff decline to file a second amended complaint within the time frame set forth herein, the Clerk of the Court is respectfully directed to close this action without further order from the Court; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order, along with a blank form Pro Se Prisoner Complaint, on the Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 14, 2025

_____
Elizabeth C. Coombe
U.S. District Judge