**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NOVASHAWN BANNISTER,

Plaintiff,

1:24-cv-183
(ECC/PJE)

v.

CHRISTOPHER PERILLI and SHERIFF DEPUTY JACOB KEARNS,

Defendants.

---

Novashawn Bannister, *Pro se Plaintiff*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff Novashawn Bannister filed this civil rights action alleging violations of his constitutional rights stemming from a traffic stop, and sought leave to proceed *in forma pauperis*. Dkt. Nos. 1, 2. On October 14, 2025, the Court issued a Memorandum-Decision and Order adopting as modified the Report-Recommendation of U.S. Magistrate Judge Paul J. Evangelista on initial review of Plaintiff's Amended Complaint. *See* Dkt. No. 22; *see also* Dkt. Nos. 12 (Amended Complaint), 18 (Report-Recommendation as to Amended Complaint).[1] Specifically, the Court (1) dismissed with leave to amend Plaintiff's Fourth Amendment excessive-force claims and any official-capacity claims premised on *Monell* liability; (2) dismissed without leave to amend Plaintiff's remaining federal claims pursuant to *Heck v. Humphrey*; and (3) granted Plaintiff forty-five (45) days to file a second amended complaint. Dkt. No. 22.

---

[1] The Court presumes familiarity with its prior Memorandum-Decision and Order and the procedural background of this case.

Plaintiff filed the Second Amended Complaint on December 1, 2025. Dkt. No. 25. On June 10, 2026, Magistrate Judge Evangelista issued a Report-Recommendation recommending that (1) Plaintiff's Fourth Amendment excessive force claim against Defendant Christopher Perilli relating to the removal of Plaintiff from the vehicle and head banging be dismissed; (2) Plaintiff's Fourth Amendment excessive force claims against Perilli alleging unreasonable pat down searches and an unreasonable manual body cavity search be allowed to proceed; (3) Plaintiff's Fourth Amendment excessive force claim against Defendant Jacob Kearns alleging an unreasonable strip search be allowed to proceed; (4) Plaintiff's claim against the Warren County Sheriff's Department be dismissed; (5) Plaintiff's *Monell* claim against Warren County for failure to train be allowed to proceed; and (6) Plaintiff's request for injunctive relief that Defendants Perilli and Kearns be terminated from their positions be dismissed. Dkt. No. 26.

Plaintiff filed objections to the Report-Recommendation. Dkt. No. 27. For the following reasons, the Court adopts the Report-Recommendation as modified below.

## I. STANDARD OF REVIEW

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings in the" report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2

(S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Kruger*, 976 F. Supp. 2d at 296 (citation omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

## II. DISCUSSION

Plaintiff's objections, construed liberally, merely provide additional details regarding claims that Magistrate Judge Evangelista recommended be allowed to proceed. *See generally* Dkt. No. 27 (alleging further details regarding the pat search conducted by Perilli, the strip search conducted by Defendant Kearns, when and how the weapon was found, and Warren County's failure to train officers). The Court does not construe Plaintiff's submission as objecting to Magistrate Judge Evangelista's recommendations that these claims be allowed to proceed and therefore reviews the Report-Recommendation for clear error.

Magistrate Judge Evangelista liberally construed the Second Amended Complaint to assert a claim for excessive force under the Fourth Amendment against Perilli for forcing Plaintiff out of the vehicle while he still had his seat belt on, which choked Plaintiff, and for banging Plaintiff's head against the side of the patrol car. Dkt. No. 26 at 8. Specifically, the Second Amended Complaint alleges that Perilli "forced me out [of] the car with the seat belt around my shoulder blade wrapped against my neck[,] choking me" and, subsequently upon having a "difficult time" removing the weapon from Plaintiff's person, "got angry" and "excessively banged my head against their patrol car." Dkt. No. 25 at 5-7, ¶¶ 3, 6 (capitalization altered). Magistrate Judge Evangelista recommended that any excessive force claim premised on this conduct be dismissed "for failure to allege *any* injury resulting from these alleged uses of excessive force." Dkt. No. 26 at 9-10.

"[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis omitted). Whether the force used by an arresting officer was excessive is determined by an objective balancing test where "the nature and quality of the intrusion on the plaintiff's Fourth Amendment interests" is balanced "against the countervailing governmental interests at stake." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010) (citation omitted). At least three factors guide this determination: "(1) the nature and severity of the crime leading to the arrest, (2) whether the suspect poses an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Id.* (citing *Graham*, 490 U.S. at 396).

Although the Second Amended Complaint suggests that Plaintiff was ultimately charged with a weapons offense, it is unclear what alleged crimes precipitated the traffic stop or Plaintiff's removal from the car. The Second Amended Complaint contains no facts suggesting that Plaintiff presented any threat to the safety of the officers or that he was actively resisting arrest or attempting to flee. Thus, weighing the *Graham* factors, the Second Amended Complaint plausibly alleges an excessive force claim against Perilli based on forcibly removing Plaintiff from the car while he was still belted and banging his head against the patrol car. *Cf. Jarvis v. Knapp*, No. 25-cv-1167 (MAD/MJK), 2026 WL 1139372, at *4 (N.D.N.Y. Apr. 28, 2026) (finding plaintiff sufficiently alleged excessive force claim on initial review).

The Court disagrees with the Report-Recommendation that this excessive force claim cannot proceed on the ground that Plaintiff failed to allege any resulting injury for at least two reasons. First, Plaintiff alleges that Perilli's forcible removal of him resulted in the seat belt

wrapping around his neck and "choking" him. Dkt. No. 25 at 5, ¶ 3. Second, Plaintiff alleges that the reason Perilli "excessively banged" his head against the patrol car was because Perilli became "angry" that he was having a difficult time removing the weapon. *Id.* at 6, ¶ 6. Plaintiff therefore does allege that he suffered injury as a result of Perilli's alleged conduct in the form of choking and pain, and/or that the force used had no legitimate purpose and was therefore entirely gratuitous. "[A]lthough the absence of significant injury is relevant to the question of excessive force, it is not dispositive under a Fourth Amendment analysis." *Jones v. Treubig*, 963 F.3d 214, 239 (2d Cir. 2020) (citations omitted); *see also Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (noting, in Eighth Amendment context, that excessive force claims must be decided "based on the nature of the force rather than the extent of the injury"). District courts in this Circuit have therefore held that "force that merely causes *de minimis* injury can be excessive if 'gratuitous.'" *Jarvis*, 2026 WL 1139372, at *4 (citation omitted); *see also Ben-Reuben v. Westchester County*, No. 17-cv-9156, 2019 WL 1406868, at *4 (S.D.N.Y. Mar. 28, 2019) (noting that courts are "typically hesitant to dismiss excessive force claims even where no serious injuries are alleged if the use of force alleged was 'entirely gratuitous'") (collecting cases).

Accordingly, construing the allegations of the Second Amended Complaint liberally, the Second Amended Complaint states a claim for excessive force against Perilli related to the forcible removal from the car and head banging which may proceed at this stage. The Court has reviewed the remainder of the Report-Recommendation for clear error and, having found none, adopts the remainder of the Report-Recommendation in its entirety.

## III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation, Dkt. No. 26, is **ADOPTED as modified**; and it is further

**ORDERED** that any claims asserted against the Warren County Sheriff's Department and Plaintiff's request for injunctive relief are **DISMISSED**; and it is further

**ORDERED** that the following claims **SURVIVE** initial review and require a response: Plaintiff's (1) Fourth Amendment excessive force claim against Perilli relating to removing Plaintiff from the vehicle such that the seatbelt choked Plaintiff and banging Plaintiff's head on the patrol car; (2) Fourth Amendment excessive force claim against Perilli alleging unreasonable pat down searches; (3) Fourth Amendment excessive force claim against Perilli alleging an unreasonable manual body cavity search; (4) Fourth Amendment excessive force claim against Kearns alleging an unreasonable strip search; and (5) *Monell* claim against Warren County for failure to train; and it is further

**ORDERED** that Plaintiff is directed to submit proposed summonses to the Clerk of the Court for Defendants Perilli, Kearns, and Warren County;[2] and upon receipt of the proposed summonses, the Clerk shall issue summonses and forward them, along with the necessary copies of the Second Amended Complaint and a copy of this Memorandum-Decision and Order to the United States Marshal for service upon Defendants Perilli, Kearns, and Warren County. The Clerk shall forward a copy of the summons, Second Amended Complaint, and this Memorandum-Decision and Order by electronic mail to the Warren County Attorney; and it further

**ORDERED** that a response to the Second Amended Complaint be filed by Defendants Perilli, and Warren County as provided for in the Federal Rules of Civil Procedure after service of process; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

---

[2] The Clerk is directed to provide Plaintiff with blank summonses to complete.

**IT IS SO ORDERED.**

Dated: October 24, 2026

Elizabeth C. Coombe
U.S. District Judge